**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DOUGLAS D. SMALL,**

        **Petitioner,**

        **v.**

**WARDEN, ROSS CORRECTIONAL
INSTITUTION,**

        **Respondent.**

                **CASE NO. 2:12-CV-0958
JUDGE SARGUS
MAGISTRATE JUDGE ABEL**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the instant petition, Respondent's *Motion to Dismiss*, Petitioner's *Response*, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* be **GRANTED** and that this action be **DISMISSED**.

Petitioner's motion requesting the State to provide copies of the trial transcripts, Doc. No. 5, is **DENIED**, as moot.

## FACTS and PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> Appellant, Douglas Small, appeals his conviction and sentence entered in the Licking County Court of Common Pleas. Appellant was convicted by a jury of one count of Robbery, a felony of the second degree, in violation of R.C. 2911.02(A)(2), one count of Intimidation of a Victim/Witness in a Criminal Case, a felony of the third degree, in violation of R.C. 2921.04(B), two counts of Assault, misdemeanors of the first degree, in violation of R.C. 2903.13(A)(1), and one count of Intimidation, a felony of the third degree, in violation of R.C. 2921.03(A).

1

The trial court sentenced appellant to a term of three years on each of the felony counts ordered to be served consecutively to one another for a total prison term of nine years. The misdemeanor sentences were ordered to be served consecutively with each other and concurrently with the other counts.

\*\*\*

Appellant was convicted of Robbery, Intimidation of a Crime Victim/Witness, two counts of Assault, and Intimidation of a Public Servant. The facts presented in the State's case taken in the light most favorable to the State established that appellant and three other men were involved in a day of heavy drinking. The men moved their location during the course of the day ending up near appellant's home. Appellant physically attacked two of his drinking partners and demanded one of their cell phones. After taking the cell phone, appellant told the phone's owner that he would kill him if he called the police. Two other witnesses testified to the events. Police were called, and appellant was arrested. Thereafter, the cell phone was discovered after a search of appellant's house.

At the time of the arrest, appellant threatened police. Furthermore, he was acting in such a manner as to require police to institute additional safeguards in transporting appellant.

*State v. Small,* No. 10-CA-138, 2012 WL 134830, at \*1-2 (Ohio App. 5th Dist. Jan. 13, 2012).

Pursuant to the joint motion of the parties, the Ohio Court of Appeals remanded the case to the trial court to issue a *nunc pro tunc* order correcting clerical errors in Petitioner's sentencing entry. *Exhibit 8 to Motion to Dismiss.* Petitioner was  sentenced to an aggregate term of nine years incarceration. *Exhibit 9 to Motion to Dismiss.* Appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), requesting to withdraw as counsel and asserting the following potential assignments of error:

> I.   THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S CRIMINAL RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL.

II.    THE TRIAL COURT ERRED IN FAILING TO MAKE
THE REQUIRED FINDINGS UNDER R.C. 2929.14(E)(4)
TO JUSTIFY CONSECUTIVE SENTENCES.

III.   TRIAL COUNSEL WAS INEFFECTIVE IN MULTIPLE
WAYS, AND THE CUMMULATIVE EFFECT RESULT-
ED IN PREJUDICE OF DEFENDANT. (1) FAILING TO
RENEW CRIM.R. 29 MOTION FOR ACQUITTAL AT
THE CLOSE OF ALL EVIDENCE. (2) FAILING TO
CALL KEY WITNESSES (3) FAILING TO PRESENT
DEFENDANTS PHONE RECORDS.

*See State v. Small*, 2012 WL 134830, at *1.  On January 13, 2012, the appellate court affirmed

the judgment of the trial court.  *Id.*  On May 23, 2012, the Ohio Supreme Court dismissed Petit-

ioner's subsequent appeal.  *State v. Small*, 131 Ohio St.3d 1553 (2012).  The Ohio Supreme

Court dismissed Petitioner's motion for reconsideration.  *Exhibits 17, 18 to Motion to Dismiss*.

On October 2012, Petitioner filed this federal action for a writ of habeas corpus under  28

U.S.C. § 2254.  He alleges that he is in the custody of the Respondent in violation of the Consti-

tution based on the following grounds:

1.   The trial court erred in overruling Ohio Criminal Rule 29
(Motion for Acquittal).

2.   Petitioner suffered ineffective assistance of trial counsel in
multiple ways.

3.   Petitioner suffered ineffective assistance of appellate counsel –
and no counsel at all, in appeal of right – with an *Anders* brief
being filed.

It is the position of the Respondent that this action must be dismissed as unexhausted.

**EXHAUSTION**

Before a federal habeas court may grant relief, a state prisoner must exhaust his available

remedies in the state courts. *Castille v. Peoples,* 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*,

993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a

3

claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c).

Moreover, a constitutional claim for relief must be presented to the state's highest court in order

to satisfy the exhaustion requirement. *O'Sullivan v. Boerck*el, 526 U.S. 838 (1999); *Manning v.*

*Alexander,* 912 F.2d 878, 881 (6th Cir.1990). Where alternative state remedies are available to

consider the same claim, exhaustion of one of these remedies is all that is necessary.

Respondent contends that Petitioner's habeas corpus petition remains unexhausted, be-

cause he has never pursued a petition for postconviction relief in regard to his off-the-record

claims of ineffective assistance of trial counsel, and still may file a delayed postconviction peti-

tion pursuant to O.R.C. § 2953.23. Additionally, Respondent argues that Petitioner has never

attempted to pursue an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B),

and still may raise his claim of ineffective assistance of appellate counsel in a delayed Rule

26(B) proceedings, if he can establish "good cause" for his delay in filing. Ohio Appellate Rule

26(B)(1).

However, Respondent does not suggest how Petitioner might meet the "good cause" re-

quirement for bringing a delayed postconviction petition under O.R.C. § 2953.23. That statute

provides, in relevant part:

> (A) Whether a hearing is or is not held on a petition filed pursuant
> to section 2953.21 of the Revised Code, a court may not entertain a
> petition filed after the expiration of the period prescribed in divisi-
> on (A) of that section or a second petition or successive petitions
> for similar relief on behalf of a petitioner unless division (A)(1) or
> (2) of this section applies:
>
> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably
> prevented from discovery of the facts upon which the petitioner
> must rely to present the claim for relief, or, subsequent to the per-
> iod prescribed in division (A)(2) of section 2953.21 of the Revised
> Code or to the filing of an earlier petition, the United States

Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

As used in this division, "actual innocence" has the same meaning as in division (A)(1)(b) of section 2953.21 of the Revised Code, and "former section 2953.82 of the Revised Code" has the same meaning as in division (A)(1)(c) of section 2953.21 of the Revised Code.

Nothing in the record before this court suggest that Petitioner could demonstrate "good cause" under O.R.C. § 2953.23. Moreover, Petitioner already raised a claim of ineffective assistance of appellate counsel in the Ohio Supreme Court. *See Exhibit 15 to Motion to Dismiss.* By so doing, he has provided the Ohio courts adequate opportunity to consider the claim. *See State v. Wilson*, No. 5:05CV2716, 2007 WL 4365400, at *6 (N.D. Ohio Dec. 12, 2007).

The magistrate judge thus concludes that Petitioner has sufficiently exhausted his claims for review in these proceedings. In any event, the claims are plainly without merit.

**Claim One:**

In claim one, Petitioner asserts he was denied a fair trial when the trial court denied his motion for judgment of acquittal, based on the prosecution's alleged failure to set forth sufficient elements to establish the offenses charged. The state appellate court rejected this claim, concluding that the prosecutor presented sufficient evidence to establish the elements of the offenses charged. *State v. Small*, 2012 WL 134830, at *2. Petitioner's claim, as it relates to the trial court's denial of his motion for judgment of acquittal pursuant to Ohio Crim. R. 29 presents an issue of state law that cannot be reviewed in federal habeas corpus review.

A federal court may review a state prisoner's habeas corpus petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988)). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)). " '[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure' " in considering a habeas petition. *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985).

To the extent that Petitioner contends that the evidence was constitutionally insufficient to sustain his convictions, this claim likewise fails.[1] Before a criminal defendant can be convicted consistent with the United States Constitution, there must be evidence sufficient to justify a reasonable trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S.

---

[1] Petitioner argued on direct appeal both that the evidence was constitutionally insufficient to sustain his convictions, and that his convictions were against the manifest weight of the evidence. *See Exhibit 6 to Motion to Dismiss.* The latter claim fails to present an issue appropriate for federal habeas corpus review.

307, 319 (1979). To determine whether the evidence was sufficient to support a conviction, this Court must view the evidence in the light most favorable to the prosecution. *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson,* at 319). The prosecution is not affirmatively required to "rule out every hypothesis except that of guilt." *Id.* (quoting *Jackson*, at 326). "[A] reviewing court 'faced with a record that supports conflicting inferences must presume—even if it does not appear on the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.' " *Id.* (quoting *Jackson*, at 326).

Federal habeas courts must afford a "double layer" of deference to state court determinations about the sufficiency of the evidence to sustain a conviction. As explained in *Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir.2009), deference is due the jury's finding of guilt because the standard, announced in *Jackson v. Virginia*, is whether "viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Even if a *de novo* review of the evidence leads to the conclusion that no rational trier of fact could have so found, a federal habeas court "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *See also White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009). This is a substantial hurdle for a habeas corpus petitioner to overcome and Petitioner has not done so here.

Petitioner was convicted of robbery, in violation of O.R.C. 2911.02(A)(2), the indictment charging him with attempting or committing a theft offense on May 13, 2010, and in committing that offense, or in fleeing immediately thereafter, recklessly inflicting, or attempting or threatening to inflict physical harm on Jerry Rollison. *Exhibit 1 to Motion to Dismiss*. He was charged with intimidation of a witness, in violation of O.R.C. § 2921.04(B), the indictment charging that on that same date, he knowingly and by force or unlawful threat of harm to Jerry Rollison or his

property, attempted to influence, intimidate, or hinder Rollison, the victim of a crime, from filing or prosecution of criminal charges.  *Id*.  He was charged with two counts of assault, in violation of O.R.C. § 2903.13(A)(1), the indictment charging on that same date, with knowingly causing or attempting to cause physical harm to Jerry and Harry Rollison.  *Id*.  Finally, he was charged with intimidation of a witness, in violation of O.R.C. § 2921.03(A), the indictment charging on that same date, that Petitioner knowingly and by force, or by unlawfully threatening harm to any person or property, or by filing, recording or otherwise using a materially false or fraudulent writing, with malicious purpose, in bad faith, or in a wanton or reckless manner, attempt to influence, intimidate or hinder Newark Police Officers, public servants, in the discharge of their duty.  *Id*.

When viewing the evidence in the light most favorable to the prosecution, the evidence was constitutionally sufficient to sustain Petitioner's convictions.  Jerry and Harry Rollison, who are cousins, were sitting on the front porch drinking alcohol on the day in question, when Petitioner and another man joined them.  Petitioner brought beer and/or rum, and the four men continued to drink.  At approximately 11:15 p.m., Jerry and Petitioner began walking towards Petitioner's house.  Harry followed.  Jerry and Petitioner became involved in an altercation.  Jerry's feet were kicked out from under him,  Petitioner bit Jerry in the chest and kicked him.  Jerry's cell phone fell and Petitioner took it.  Jerry asked Petitioner to return his phone to him, and Petitioner replied that the only way he would see his phone again were if he was dead.  Petitioner also punched Harry.  Harry sustained severe injuries to his face, which was covered in blood when police arrived.  Police found Jerry's phone inside Petitioner's house.

Melissa Haskins, a neighbor, was outside with her dog when she heard the men arguing. She saw Petitioner punching Jerry in the face and stomach until Jerry fell to the ground curled up

in a fetal position. Petitioner was yelling obscenities and stating, "I run this neighborhood." Jerry was saying that Petitioner had taken his "stuff." After being placed under arrest, Petitioner continued to threaten police for approximately forty minutes. He told police he would assault them at trial, come to the table and bite their face, and to bring a gun. He said he would shoot one of the officers if he were convicted of robbery. He wanted to fight the police. He banged his head against the plexiglass behind the front seat of the police car. Due to Petitioner's threats and his aggravated demeanor, police took extra precautions in removing Petitioner from the police car after transporting him to jail. Additional personnel were called to assist. Petitioner's threatening statements to police were taped and played for the jury. *See Trial Transcripts*.[2]

Claim one fails to warrant federal habeas corpus relief.

**Claim Two:**

In claim two, Petitioner asserts that he was denied effective assistance of trial counsel because his attorney failed to renew his motion for judgment of acquittal, failed to enforce Ohio evidence rules, failed to enforce subpoenas for defense witnesses,[3] and because criminal charges were filed against defense counsel in connection with another criminal case, causing a potential conflict of interest.[4] Petitioner also complains that his attorney violated Ohio evidence rules and opened the door to other bad acts of the Petitioner by referring to him as a sloppy drunk and admitting his guilt to committing assault. *Id*. He asserts that defense counsel should have

---

[2] The page identification number is not legible on many of the pages of the trial transcript. The Court, therefore, will simply refer to the transcripts without further page identification when referring to the trial testimony in this case.

[3] Petitioner complains that his attorney failed to call as a defense witness the investigator for the defense, to impeach prosecution witnesses.

[4] In support of this claim, Petitioner refers to a copy of a newspaper article regarding a murder case handled by defense counsel. Petitioner contends that his attorney may have "struck a deal to be a state informant by way of selling out clients for prosecutors and law enforcement in Ohio, in exchange for keeping her license to practice law." *Memorandum in Support of Petition*, at 8. He also refers to a document purportedly indicating that defense counsel previously was sanctioned for failing to comply with continuing legal education requirements. *Id*. at 9.

brought out prior criminal conduct of the alleged victim(s) to establish their unreliability and lack of truthfulness.

Petitioner did not raise all of these claims in the Ohio Court of Appeals; however, the state appellate court addressed the  claims of ineffective assistance of counsel he did raise on direct appeal as follows:

> [A]ppellant avers he was denied effective assistance of trial counsel because trial counsel failed to renew the motion for acquittal, failed to call two of the four police officers who were at the scene of the offense, and failed to introduce appellant's phone records into evidence.
>
> We have already determined the motion for acquittal lacked merit, therefore, appellant has not shown any prejudice due to the failure to renew the motion for acquittal.
>
> With regard to failing to introduce certain witnesses, counsel's decision regarding the calling of witnesses is within the purview of trial strategy. *State v. Coulter* (1992), 75 Ohio App.3d 219, 230, 598 N.E.2d 1324; *State v. Hunt* (1984), 20 Ohio App.3d 310, 312, 486 N.E.2d 108. The failure to subpoena witnesses for trial does not violate counsel's duty to defendant absent a showing of prejudice. *Id*. Accordingly, courts have traditionally been reluctant to find ineffective assistance of counsel in those cases where an attorney fails to call a particular witness. *See State v. Otte* (1996), 74 Ohio St.3d 555, 565–66, 660 N.E.2d 711; *State v. Williams* (1996), 74 Ohio St.3d 456, 659 N.E.2d 1254.
>
> There is nothing in the record before us on appeal which would demonstrate prejudice in failing to call the remaining two officers who were at the scene.
>
> As it relates to the failure to introduce phone records, likewise, the phone records are not in the record before us. Appellant has again failed to demonstrate the failure to introduce these records prejudiced appellant.

*State v. Small*, 2012 WL 134830, at *3.

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a

State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1). Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented.

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The United States Supreme Court has explained:

> "[A]n unreasonable application of federal law is different from an incorrect application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Indeed, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id*., at 411, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389. Rather, that application must be "objectively unreasonable." *Id*., at 409, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389. This distinction creates "a substantially higher threshold" for obtaining relief than de novo review. *Schriro v. Landrigan,* 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). AEDPA thus imposes a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and "demands that state-court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) ( *per curiam* ).

*Renico v. Lett*, 550 U.S. 766, ——, 130 S.Ct. 1855,1862 (2010) (footnote omitted.)

> "[C]learly established" law under § 2254(d)(1) consists of "the
> holdings, as opposed to the dicta, of [the Supreme Court's]" cases.
> *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.
> 2d 389, (2000). An "unreasonable application" of that law involves
> not just an erroneous or incorrect decision, but an objectively un-
> reasonable one. *Renico v. Lett*, 559 U.S. 766, 130 S.Ct. 1855, 176
> L.Ed.2d 678 (2010).

*Wong v. Smith*, ––– U.S. –––––, 131 S.Ct. 10 (Nov. 1, 2010). "A state court's determination that a

claim lacks merit precludes federal habeas relief so long as " 'fairminded jurists could disagree'

on the correctness of the state court's decision." *Harrington v. Richter*, –––U.S. –––––, 131 S.Ct.

770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Petitioner has

failed to meet this standard here.

The right to counsel guaranteed by the Sixth Amendment is the right to the effective

assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n. 14 (1970). The standard for

demonstrating a claim of ineffective assistance of counsel is composed of two parts:

> First, the defendant must show that counsel's performance is
> deficient. This requires showing that counsel made errors so
> serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment. Second, the
> defendant must show that deficient performance prejudiced the
> defense. This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial, a trial whose
> result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). Scrutiny of defense counsel's performance

must be "highly deferential." *Id*. at 689.

With respect to the first prong of the *Strickland* test, "[b]ecause of the difficulties in-

herent in making the evaluation, a court must indulge a strong presumption that counsel's con-

duct falls within the wide range of reasonable professional assistance." *Id*. To establish the

second prong of the *Strickland* test, *i.e.,* prejudice, a petitioner must demonstrate that there is a

reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Because a petitioner must satisfy both prongs of the *Strickland* test to demonstrate the ineffective assistance of counsel, should the court determine that the petitioner has failed to satisfy one prong, it need not consider the other. *Id.,* at 697.

   As already discussed, Petitioner cannot establish that his attorney performed in a consti-tutionally unreasonable manner, or that he was prejudiced thereby, in regard to requesting or renewing the motion for judgment of acquittal, as the state appellate court has determined that the motion lacked merit under state law, and the record demonstrates that the prosecution submitted sufficient evidence to sustain Petitioner's convictions.  As to the remainder of Peti-tioner's allegations, this Court may only consider evidence Petitioner has presented to the state courts in support of Petitioner's claims that have been dismissed on the merits by the state appellate court.

   In *Cullen v. Pinholster*, ⸺ U.S. ⸺, 131 S.Ct. 1388, 1398 (2011), the United States Supreme Court held that federal review under 28 U.S.C. § 2254(d) of a claim adjudicated on the merits by a state court is limited to the factual record that was before the state court. See 28 U.S.C. § 2254(e)(2); *Holland v. Jackson*, 542 U.S. 649, 652 (2004) ("[W]hether a state court's decision was unreasonable must be assessed in light of the record the court had before it"). *See also Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013) ("[D]istrict courts are precluded from conducting evidentiary hearings to supplement existing state court records when a state court has issued a decision on the merits with respect to the claim at issue"); *Sheppard v. Bagley*, 657 F.3d 338, 343–44 (6th Cir. 2011) (refusing to consider evidence not considered by the state

courts in light of *Pinholster*). The United States Supreme Court has explained the reasoning

behind this limitation:

> Although state prisoners may sometimes submit new evidence in
> federal court, AEDPA's statutory scheme is designed to strongly
> discourage them from doing so. Provisions like §§ 2254(d)(1) and
> (e)(2) ensure that "[f]ederal courts sitting in habeas are not an
> alternative forum for trying facts and issues which a prisoner made
> insufficient effort to pursue in state proceedings." *Id*., at 437, 529
> U.S. 420, 120 S.Ct. 1479, 146 L.Ed.2d 435; *see also Richter*, 562
> U.S., at ——, 131 S.Ct., at 787 ("Section 2254(d) is part of the
> basic structure of federal habeas jurisdiction, designed to confirm
> that state courts are the principal forum for asserting constitutional
> challenges to state convictions"); *Wainwright v. Sykes*, 433 U.S.
> 72, 90, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) ("[T]he state trial on
> the merits [should be] the 'main event,' so to speak, rather than a
> 'tryout on the road' for what will later be the determinative federal
> habeas hearing").

*Pinholster,* at 1401.

*Pinholster* does not apply, however, where the state courts did not adjudicate a claim on

the merits.  *Id*., at 1398.  As discussed, Petitioner failed to present his off-the-record claims of

ineffective assistance of trial counsel, or the documents he now attaches in support of these

claims, to the state courts in post conviction proceedings, where such claims properly would be

raised.  As to those claims the state appellate court denied on the merits, *Pinholster* applies and

requires this Court's review of that claim to be "limited to the record that was before the state

court that adjudicated the claim on the merits." *Id*., at 1398.  As to those claims that have not

been addressed by the state appellate court, Petitioner must also satisfy the requirements of 28

U.S.C. § 2254(e)(2) before he will be permitted to proffer evidence that he failed to present to

the state courts. That statute provides as follows:

> (2) If the applicant has failed to develop the factual basis of a claim
> in State court proceedings, the court shall not hold an evidentiary
> hearing on the claim unless the applicant shows that—

14

> (A) the claim relies on-
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Petitioner cannot meet this standard here because none of the evidence now proffered by Petitioner was unavailable to him at the time of trial.

The sole allegation of ineffective assistance of trial counsel raised herein, *i.e.*, Petitioner's claim that he was denied effective assistance of counsel because his attorney violated Ohio evidence rules and brought out other bad acts of the Petitioner, which should have been raised on direct appeal but was not, is procedurally defaulted.

**Procedural Default:**

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If the petitioner fails to do so, but the state still provides a remedy to pursue, his or her petition is subject to dismissal for failure to exhaust state remedies. *Id.; Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004). If, because of a procedural default, the petitioner can no longer present the relevant claims to a state court, the petitioner also waives the claims for purposes of federal habeas review unless he or she can demonstrate cause for the

procedural default and actual prejudice resulting from the alleged constitutional error. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 724; *Murray v. Carrier*, 477 U.S. 478,485 (1986).

In the Sixth Circuit, a court must undertake a four-part analysis to determine whether procedural default is a bar to a habeas petitioner's claims. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Scuba v. Brigano*, 259 F. App'x. 713, 718 (6th Cir. 2007) (following the four-part analysis of *Maupin* ). Specifically, the United States Court of Appeals for the Sixth Circuit requires the district courts to engage in the following inquiry:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.... Second, the court must decide whether the state courts actually enforced the state procedural sanction.... Third, the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Maupin*, 785 F.2d at 138 (internal quotations omitted). Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner' "may still obtain review of his claims on the merits if he establishes: (1) a substantial reason to excuse the default and (2) that he was actually prejudiced by the alleged constitutional error.  *Id.* 'Cause' under this test "must be something external to the petitioner, something that cannot fairly be attributed to him[;] ... some factor external to the defense [that] impeded [ ] efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level or failure to appeal at all.  *Id.* at 750.

Nevertheless, " '[i]n appropriate cases' the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally

unjust incarceration.'" *Murray,* 477 U.S. at 495 (quoting *Engle v. Isaac*, 456 U.S. 107, 135 (1982)). Petitioners who fail to show cause and prejudice for procedural default may nonetheless receive a review of their claims if they can demonstrate that a court's refusal to consider a claim would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see also Lott v. Coyle,* 261 F.3d 594, 601–02 (6th Cir. 2001) (same). The fundamental miscarriage of justice exception requires a showing that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Petitioner failed to raise a claim regarding his attorney's reference to "other bad acts" on direct appeal.  Further, he may now no longer do so, under Ohio's doctrine of *res judicata*.  *See State v. Cole,* 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967). The state courts were never given an opportunity to enforce the procedural rule at issue due to the nature of Petitioner's procedural default.

The Magistrate Judge finds that Ohio's *res judicata* rule is adequate and independent under the third part of the *Maupin* test. To be "independent," the procedural rule at issue, as well as the state court's reliance thereon, must rely in no part on federal law. *See Coleman v. Thompson*, 501 U.S. 722, 732–33 (1991). To be "adequate," the state procedural rule must be firmly established and regularly followed by the state courts. *Ford v. Georgia*, 498 U.S. 411 (1991). "[O]nly a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by this Court of a federal constitutional claim." *Id*. at 423 (quoting *James v. Kentucky*, 466 U.S. 341, 348–351 (1984)); *see also Barr v. City of Columbia,* 378 U.S. 146, 149 (1964); *NAACP v. Alabama ex rel. Flowers*, 377 U.S. 288, 297 (1964); *see also Jamison v. Collins,* 100 F.Supp.2d 521, 561 (S.D. Ohio 1998).

The Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.*, the *Perry* rule, is an adequate ground for denying federal habeas relief. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir. 2001); *Seymour v. Walker,* 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins*, 209 F.3d 486, 521–22 (6th Cir. 2000); *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998). Ohio courts have consistently refused, in reliance on the doctrine of *res judicata*, to review the merits of claims because they are procedurally barred. *See State v. Cole*, 2 Ohio St.3d at 112, 443 N.E.2d 169; *State v. Ishmail*, 67 Ohio St.2d at 16. Additionally, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Magistrate Judge concludes that *res judicata* does not rely on or otherwise implicate federal law. Accordingly, the Magistrate Judge is satisfied from its own review of relevant case law that the *Perry* rule is an adequate and independent ground for denying relief.

Petitioner may still obtain review of this claim on the merits if he establishes cause for his procedural default, as well as actual prejudice from the alleged constitutional violation.

> "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

*Maples v. Stegall,* 340 F.3d 433, 438 (6th Cir. 2003). Petitioner has failed to establish cause and prejudice for his procedural default.

Beyond the four-part *Maupin* analysis, a habeas court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction

18

of one who is actually innocent." *Murray v. Carrier,* 477 U.S. at 491; *see also Sawyer v. Whitley*,

505 U.S. 333 (1992).

> [I]f a habeas petitioner "presents evidence of innocence so strong
> that a court cannot have confidence in the outcome of the trial
> unless the court is also satisfied that the trial was free of nonharm-
> less constitutional error, the petitioner should be allowed to pass
> through the gateway and argue the merits of his underlying
> claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808.
> Thus, the threshold inquiry is whether "new facts raise [ ] suffic-
> ient doubt about [the petitioner's] guilt to undermine confidence in
> the result of the trial." *Id*. at 317, 513 U.S. 298, 115 S.Ct. 851, 130
> L.Ed.2d 808. To establish actual innocence, "a petitioner must
> show that it is more likely than not that no reasonable juror would
> have found petitioner guilty beyond a reasonable doubt." *Id*. at
> 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has
> noted that "actual innocence means factual innocence, not mere
> legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623,
> 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a
> claim requires petitioner to support his allegations of constitutional
> error with new reliable evidence-whether it be exculpatory scien-
> tific evidence, trustworthy eyewitness accounts, or critical physical
> evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324,
> 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however,
> that the actual innocence exception should "remain rare" and "only
> be applied in the 'extraordinary case.' " *Id*. at 321, 513 U.S. 298,
> 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter v. Jones*, 395 F.3d 577, 589–90 (6th Cir. 2005). Petitioner has failed to meet this standard

here.

In short, none of Petitioner's allegations of ineffective assistance of trial counsel provide

him the relief he seeks.  Claim two is without merit or waived.

**Claim Three:**

In claim three, Petitioner asserts that he was denied effective assistance of appellate

counsel, because his attorney filed a brief under *Anders v. California,* 386 U.S. at 738.  This

claim plainly lacks merit.

Petitioner's appellate counsel was not required to advance issues he deemed frivolous, nor is the State required to appoint new counsel after petitioner's attorney was permitted to withdraw from a frivolous appeal. *See Salce v. Wilson*, No. 3:08-cv-674, 2009 WL 1797923 (N.D. Ohio June 24, 2009); *Palmer v. Eberlin*, No. 2:08-cv-726, 2010 WL 518167 (S.D. Ohio Feb. 1, 2010) (noting same). Petitioner's attorney filed a motion to withdraw following the dictates set forth by the United States Supreme Court in *Anders v. California*, 386 U.S. at 738:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court-not counsel-then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.
>
> * * *
>
> This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. It would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel. The no-merit letter, on the other hand, affords neither the client nor the court any aid. The former must shift entirely for himself while the court has only the cold record which it must review without the help of an advocate. Moreover, such handling would tend to protect counsel from the constantly increasing charge that he was ineffective and had not handled the case with that diligence to which an indigent defendant is entitled. This procedure will assure penniless defendants the same rights and opportunities on appeal-as nearly as is

> practicable-as are enjoyed by those persons who are in a similar
> situation but who are able to afford the retention of private counsel.

*Id.,* at 744-745 (footnote omitted). Petitioner has offered no evidence or argument that would

demonstrate that his appellate attorney acted otherwise than in accordance with the procedure

held constitutional in *Anders.*

Claim three is without merit.

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to*

*Dismiss* be **GRANTED** and that this action be **DISMISSED**.

Petitioner's motion requesting the State to provide copies of the trial transcripts, Doc. No.

5, is **DENIED**, as moot.

**Procedure on Objections:**

If any party objects to this *Report and Recommendation*, that party may, within fourteen

(14) days of the date of this report, file and serve on all parties written objections to those specif-

ic proposed findings or recommendations to which objection is made, together with supporting

authority for the objection(s). A judge of this Court shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection is

made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recom-

mit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommenda-*

*tion* will result in a waiver of the right to have the district judge review the *Report and Recom-*

*mendation de novo,* and also operates as a waiver of the right to appeal the decision of the Dist-

21

rict Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

s/Mark R. Abel
United States Magistrate Judge