IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DOUGLAS D. SMALL,

    Petitioner,

v.

WARDEN, ROSS CORRECTIONAL
INSTITUTION,

    Respondent.

CASE NO. 2:12-CV-0958
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

On July 15, 2013, the Magistrate Judge issued a *Report and Recommendation* recommending that Respondent's *Motion to Dismiss* the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **GRANTED** and that this action be **DISMISSED**. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, Petitioner's *Objection*, Doc. No. 14, is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner's request for a certificate of appealability is **DENIED**.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his habeas corpus petition. Petitioner contends that, because Respondent filed a *Motion to Dismiss* in lieu of a Response to the Petition, all of Petitioner's allegations should be presumed to be correct, and habeas corpus relief granted on this basis. Petitioner again argues that the State failed to establish all of the elements of the offenses charged against him. He contends that he has established cause for any procedural default, because his appellate counsel filed a brief under *Anders v. California,* 386 U.S. 738 (1967), thereby depriving him of counsel on direct appeal. Petitioner raises all of the same arguments he previously presented.

1

Case: 2:12-cv-00958-EAS-MRA Doc #: 15 Filed: 08/19/13 Page: 2 of 4 PAGEID #: 1271

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Contrary to Petitioner's argument here, Rule 4 of the Rules Governing 2254 Cases in the United States District Courts and the Advisory Committee Notes thereto, both provide that it is well within the discretion of the Court to permit and consider a response to an order to respond to the Petition in the form of a motion to dismiss. Rule 4 provides that "the judge must order the respondent to file an answer, *motion*, or other response. . . *or to take other action the judge may order.*" (Emphasis added). The Advisory Committee Notes to original Rule 4 (1976) explain that although "it has been suggested than answer should be required in every habeas proceeding. . . under § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Notes to Rule 4, 1976 Adoption, relying approvingly on *Allen v. Perini*, 424 F.2d 131, 141 (6th Cir.1970). Additionally, the Advisory Committee Notes discussing the amended Rule 4 (2004) clearly state that "[t]he amended rule reflects that the response to a habeas petition may be a motion." Advisory Committee Notes to Rule 4, 2004 Amendments.

Rule 5(a) of the Rules Governing § 2254 Cases in the District Courts, 28 U.S.C. foll. § 2254 (effective Dec. 1, 2004), reinforces the discretion afforded the court to consider a motion to dismiss prior to requiring an answer from a respondent in a habeas proceeding. Rule 5(a) provides that "[t]he respondent is not required to answer the petition unless a judge so orders." As explained by the Advisory Committee Notes to Rule 5:

> The revised rule [5(a)] does not address the practice in some districts, where the respondent files a pre-answer motion to dismiss the petition. But revised Rule 4 permits that practice and reflects the view that if the court does not dismiss the petition, it may require ( or permit ) the respondent to file a motion.

2

Advisory Committee Notes to Rule 5, 2004 Amendments (emphasis added).

The remainder of Petitioner's allegations likewise are not well taken for the reasons already well addressed in the Magistrate Judge's *Report and Recommendation*.

Petitioner also requests the Court to issue a certificate of appealability. When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484. To make a substantial showing of the denial of a constitutional right, a petitioner must show

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " Barefoot, 463 U.S., at 893, and n. 4....

*Id.* Where a claim has been dismissed on procedural grounds, a certificate of appealability shall issue where jurists of reason would find it debatable whether the Court was correct in its procedural ruling that petitioner waived his claims of error, and whether petitioner has stated a viable constitutional claim. *Slack v. McDaniel*, 529 U.S. at 484–85. Both of these showings must be made before a court of appeals will entertain the appeal. *Id.*

This Court is not persuaded that reasonable jurists would debate whether petitioner's § 2255 petition should have been resolved differently. Petitioner's request for a certificate of appealability therefore is **DENIED.**

3

**IT IS SO ORDERED.**

                                                8-19-2013

                                   EDMUND A. SARGUS, JR.
                                   United States District Judge

4