IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Douglas D. Small, | : | |
| Petitioner | : | Civil Action 2:12-cv-0958 |
| v. | : | Judge Sargus |
| Mr. Buchanan, Warden, Ross Correctional Institution, | : | Magistrate Judge Abel |
| | : | |
| Respondent | : | |

# ORDER

Petitioner Douglas D. Small's November 4, 2014 motion for disqualification and for change of venue (doc. 26) is DENIED insofar as it seeks to remove Magistrate Judge Abel from this case and assign it to another judge. It is further RECOMMENDED that petitioner's November 4, 2014 motion for relief from judgment pursuant to Rule 60(b)(1) and (6), Fed. R. Civ. P. (doc. 25) be DENIED as untimely and lacking merit.

Small filed a petition for writ of habeas corpus October 17, 2012. It alleged three claims: (1) the trial court erred when it overruled his motion for acquittal; (2) he has denied the effective assistance of counsel at trial; and (3) he was denied the effective assistance of counsel on appeal. On July 15, 2013, the Magistrate Judge filed a Report and Recommendation recommending that the petition be denied because, viewed in the light most favorable to the prosecution, there was ample evidence supporting his convictions for robbery, intimidation of a victim, misdemeanor assault, and intimidation of a police officer. Further, he offered no evidence that, if credited, would demonstrate that he was denied the effective assistance of counsel at trial and on appeal. (Doc. 12.) Petitioner filed objections to the

Report and Recommendation. (Doc. 14.) On August 19, 2013, the Court overruled the objections, adopted the Report and Recommendation, and entered judgment dismissing the petition. (Docs. 15 and 16.) Petitioner filed a notice of appeal. (Doc. 17.) On October 3, 2013, the Court denied his motion for leave to appeal *in forma pauperis* and denied him a certificate of appealability. (Doc. 21.) On February 26, 2014, the United States Court of Appeals for the Sixth Circuit denied petitioner a certificate of appealability. (Doc. 22.) Petitioner sought a writ of certiorari from the United States Supreme Court. (Doc. 23.) On October 16, 2014, the Supreme Court denied the petition for writ of certiorari. (Doc. 25.)

Having fully litigated his claims challenging his convictions and lost, petitioner now seeks to reopen his petition for habeas corpus and relitigate these same claims by seeking the recusal of the judges who were assigned to this case by random draw.

Petitioner's motion to disqualify complains that the Court dismissed his petition without a sufficient legal basis. From that, he concludes that the Court must have been prejudiced against him.

Under the provisions of 28 U.S.C. §455(a), a judge is required to recuse himself or herself "in any proceeding in which his impartiality might reasonably be questioned." The standard for recusal is an objective one, "whether [a] reasonable person knowing all of the surrounding circumstances, would consider the judge to be impartial." *United States v. Hurst*, 951 F.2d 1490, 1503 (6th Cir. 1991), *cert. denied*, 504 U.S. 915 (1992). Here there are no grounds for disqualification or recusal. Disagreement about the Court's ruling in a case is not a ground for disqualification or recusal. *Liteky v. United States*, 510 U.S. 540, 555-56 (1994); *Garver v. United States of America*, 846 F.2d 1029, 1031 (6th Cir.1988).

<u>Motion for relief from judgment</u>. Petitioner argues that the Court erred when it

permitted respondent to file a motion to dismiss rather than an answer. This claim lacks merits because respondent did answer the petition. Rule 5(b), Rules Governing Section 2254 Cases requires a respondent's answer to "address the allegations in the petition" and to "state whether any claim . . . is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Rule 5(c), Rules Governing Section 2254 Cases further requires respondent to provide the court with such "parts of the transcript that the respondent considers relevant." Here respondent's motion to dismiss (doc. 10) provided the Court with all the information required by Rule 5(b) and (c), Rules Governing Section 2254 Cases. The fact that respondent's answer was styled a motion to dismiss is irrelevant. Consequently, there was no mistake of law or other reason supporting petitioner's motion for relief from judgment pursuant to Rule 60(b)(1) and (6), Fed. R. Civ. P.  Further, the motion is time-barred because it was not filed within a year of the Court entering judgment dismissing the habeas corpus petition. Rule 60(c)(1), Fed. R. Civ. P.

For the reasons set out above, the Magistrate Judge DENIES petitioner's November 4, 2014 motion for disqualification and for change of venue (doc. 26) insofar as it seeks to remove Magistrate Judge Abel from this case and assign it to another judge. It is further RECOMMENDED that petitioner's November 4, 2014 motion for relief from judgment pursuant to Rule 60(b)(1) and (6), Fed. R. Civ. P. (doc. 25) be DENIED as untimely and lacking merit.

**Dispositive notice right appeal**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question,

as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel
United States Magistrate Judge
