IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DOUGLAS D. SMALL,

        Petitioner,

        v.

MR. BUCHANAN, WARDEN, ROSS
CORRECTIONAL INSTITUTION,

        Respondent.

Case No. 2:12-cv-0958
Judge Sargus

## OPINION AND ORDER

This matter is before the Court on Petitioner's *Objection*, ECF 34, to the Magistrate Judge's *Order and Report and Recommendation*, ECF 30, recommending denial of Petitioner's *Motion for Relief from Judgment*, ECF 25, and *Motion for Disqualification and Change of Venue*, ECF 26. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. The Court has also reviewed, and taken into consideration, the arguments presented by Petitioner in his *Reply*, ECF 31, 32. For the reasons that follow, Petitioner's *Objection*, ECF 34, is **OVERRULED**. The *Order and Report and Recommendation*, ECF 30, is **ADOPTED** and **AFFIRMED**. Petitioner's *Motion for Relief from Judgment*, ECF 25, and *Motion for Disqualification and Change of Venue*, ECF 26, are **DENIED.**

This case involves Petitioner's October 23, 2012, petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which challenges Petitioner's convictions, following a jury trial in the Licking County Court of Common Pleas, on one count of robbery, one count of intimidation of a victim/witness in a criminal case, two counts of assault, and one count of intimidation. In his habeas corpus petition, Petitioner claimed that the trial court erred when it overruled his motion for judgment of acquittal and that he was denied the effective assistance counsel. The

1

Magistrate Judge concluded that Petitioner's claims had been waived or lacked merit and recommended that Respondent's *Motion to Dismiss*, ECF 10, be granted. *Report and Recommendation*, ECF 12. On August 19, 2013, the Court overruled Petitioner's objections to that recommendation, *Objection*, ECF 14, and dismissed the action. *Opinion and Order*, ECF 15. Final judgment was entered that same date. *Judgment*, ECF 16. Petitioner was denied a certificate of appealability, *Order*, ECF 21; *Small v. Warden*, Case No. 13-4012 (6th Cir. Feb. 24, 2014), and the United States Supreme Court denied Petitioner's petition for a writ of certiorari. *Small v. Oppy*, Case No. 13-10115 (Sup. Ct. Oct. 8, 2014).

On November 4, 2014, Petitioner filed the *Motion for Relief from Judgment* pursuant to Rule 60(b)(1), (6) of the Federal Rules of Civil Procedure. *Motion for Relief from Judgment*, ECF 25. In that motion, Petitioner argues that it was improper to grant Respondent's *Motion to Dismiss* in light of Respondent's failure to file an answer to the *Petition* in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner also alleges that the Court failed to conduct a *de novo* review of the Magistrate Judge's *Report and Recommendation* and he complains that the Court should have granted his request for a certificate of appealability. *Id.* Petitioner also filed a *Motion for Disqualification and Change of Venue*, requesting the recusal of the assigned District Judge and Magistrate Judge based on alleged bias and prejudice. *Motion for Disqualification and Change of Venue*, ECF 26. The Magistrate Judge recommended the denial of Petitioner's *Motion for Relief from Judgment* as untimely and without merit and recommended the denial of Petitioner's *Motion for Disqualification and Change of Venue* as without merit. *Order and Report and Recommendation*, ECF 30.

Petitioner objects to these recommendations.  Petitioner argues that the Magistrate Judge improperly issued recommendations on his motion under Rule 60(b) and request for disqualification prior to the filing of a *Reply* and in violation of 28 U.S.C. § 144.  Petitioner alleges that a conspiracy to violate his federal rights has permeated this case from its inception and throughout his appeals.  *Objection,* PageID# 1339.  Petitioner asserts fraud upon the Court and challenges the integrity of the proceedings.  Petitioner contends that his *Motion for Disqualification and Change of Venue* must be granted as a matter of law and in view of his "suspicion of foul play."  *Reply*, ECF 32, PageID# 1333.  He insists that his *Motion for Relief from Judgment* is timely and should not be construed as a successive petition.

Petitioner's request for recusal or a change of venue based upon judicial disqualification is without merit.  Under 28 U.S.C. § 144, if a party to a proceeding files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice," the "judge shall proceed no further" and another judge shall be assigned to hear the case.  Section 455(a) of Title 28 to the United States Code provides that a judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned."  The statutes must be construed "*in pari materia*."  *United States v. Sypher*, No. 3:09-CR-00085, 2010 WL 5393849, at *1 (W.D. Ky. Dec. 22, 2010)(citing *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983)). Once an affidavit of disqualification has been filed, a court "has a duty to examine the affidavit to determine whether it is timely and legally sufficient."  *United States v. Gordon*, No. 11-20752, 2013 WL 673707, at *2 (E.D. Mich. Feb. 25, 2013).

Petitioner waited until after the United States Supreme Court denied his petition for a writ of *certiorari* to assert allegations of bias, which are therefore untimely.  *See Slagle v. Miller,* No. 3:12-cv-367, 2013 WL 4268331, at *1 (S.D. Ohio Aug. 14, 2013); *Cochran v. City of Norton*, 87

F.3d 1315, unpublished, 1996 WL 294471 (6th Cir. June 3, 1996)("Title 28 U.S.C. § 144 requires an affidavit to be filed in a timely manner, and this has been construed as prohibiting a party from waiting to discover the outcome of his case before seeking to disqualify a judge")(citation omitted); *Pharmacy Records v. Nassar*, No. 2008 WL 4965337, at *2 (E.D. Mich. Nov. 18, 2008)(the obvious reason for this rule is "to avoid the problem of litigants 'discovering' a ground for recusal after unfavorable determinations in their cases")(citation omitted).

Moreover, Petitioner's motion to disqualify the judicial officers assigned to this case is inadequate on its face. The bias or prejudice that mandates recusal must be wrongful or inappropriate, *i.e.*, either relying on knowledge acquired outside the proceedings or displaying deep-seated and unequivocal antagonism that would render fair judgment impossible. *Liteky v. United States*, 510 U.S. 540 (1994). In this regard, judicial rulings alone almost never constitute a basis for recusal. *Id.; United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

Petitioner has also failed to establish grounds for reconsideration of this case. Nothing alleged by Petitioner persuades this Court that the case was dismissed in error.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. The Court also has reviewed, and taken into consideration, the arguments Petitioner presents in his *Reply*, ECF 31, 32. For the foregoing reasons, and for the reasons detailed by the Magistrate Judge, Petitioner's *Objection*, ECF 34, is **OVERRULED**. The *Order and Report and Recommendation*, ECF 30, is **ADOPTED** and **AFFIRMED**. Petitioner's *Motion for Relief from Judgment*, ECF 25, and *Motion for Disqualification and Change of Venue*, ECF 26, are **DENIED**.

5-11-2015
DATE

EDMUND A. SARGUS, JR.
Chief United States District Judge

4